IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JUANITA BOWN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 10-0409-CV-W-HFS |
| | ) |
| MINACT, INC., et al., | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM TO COUNSEL**

The parties have reported a discovery dispute, and the court has received written submissions from them by fax, explaining their respective positions. Plaintiff raises two issues. First, plaintiff argued that defendants' objections to plaintiff's first interrogatories and first requests for production of documents are untimely and therefore waived. Plaintiff served the written discovery on July 1, 2010. Defendants assert that their objections, served on August 5, 2010, were in fact timely, given time computation rules for deadlines not falling on a business day and the allowance of 3 days for mailing. In the reply submission, plaintiff states that while defendants had not previously related their timeliness argument, it is "a logical argument." Under Federal Rule of Civil Procedure 6, the defendants' objections do appear to be timely. Plaintiff's reply also suggests discussion of the objections themselves. However, the written discovery and the objections are not currently before the court. Furthermore, it does not appear that the parties' counsel have discussed the objections substantively, focusing instead on the issue of timeliness. Additional discussion and resolution efforts by counsel are needed before the court will intervene.

The second issue involves the scheduling of depositions. Plaintiff's counsel asserts that he

has had trouble getting dates for the depositions of Chris Blakely and Angela Sanders. Defendants state that Ms. Sanders' deposition is now scheduled for October 19, 2010, and they are working on getting available dates for Mr. Blakely. Plaintiff's counsel initially maintained that he should be able to depose both of those individuals and get their transcripts before defendant would be allowed to depose his client. Defendants respond that plaintiff's position is untenable. In fact, there is no set order in which parties must take depositions. The parties should work together to come up with a workable schedule for the remaining deponents.

It appears that various communication difficulties may be at the root of this discovery dispute. As soon as possible but no later than October 1, 2010, counsel for the parties need to meet and confer in good faith in an effort to resolve these discovery issues without need of court intervention. If unsuccessful, the parties may again contact the court on or after October 4, 2010.[1]

                    /s/ Howard F. Sachs
                    HOWARD F. SACHS
                    UNITED STATES DISTRICT JUDGE

September  23 , 2010

Kansas City, Missouri

---

[1] In the interim, the court will enter a scheduling order that extends the parties' proposed pretrial deadlines somewhat, so as to avoid the need for an anticipated extension motion.